■ MEDICAL MALPRACTICE INSURANCE ASSOCIATION, Respon-

dent, et al., Plaintiff, v EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, Defendant, and ARGONAUT INSURANCE COMPANY, Appellant.—Order of the Supreme Court, New York County (Kenneth Shorter, J.), entered October 7, 1985, which granted plaintiffs' motion to compel discovery of documents in defendant Argonaut Insurance Company's possession, relating to a prior underlying action, unanimously reversed, on the law and facts, with costs, and the matter remanded for reconsideration after an in camera inspection of the documents.

Plaintiff Calvelli is a medical doctor who was sued for malpractice in a prior action. He was defended in that action by plaintiff Medical Malpractice Insurance Association (MMIA) and the instant action was thereafter commenced for indemnification against defendant insurers Employers Insurance of Wausau—A Mutual Company (Employers) and Argonaut Insurance Company (Argonaut).

Plaintiffs moved for an order requiring defendant Argonaut to produce for discovery and inspection its complete file relating to the prior action. Although Argonaut claimed that the documents sought were privileged in that they involved correspondence and memoranda prepared for the instant litigation, Special Term granted plaintiffs' motion, stating that the plaintiff doctor had waived the attorney-client privilege that attached to the file. This was erroneous since Calvelli's waiver of any attorney-client privilege in commencing this action for declaratory judgment is irrelevant to Argonaut's privilege as to materials prepared for this litigation. Thus, it appears that a number of the documents sought for discovery may not have been prepared for the prior action or to decide whether to defend in that suit, but expressly in anticipation of this indemnification action.

Accordingly, we remand to the Supreme Court for an in camera inspection of the documents for a determination as to whether they relate to Argonaut's preparation for the instant litigation or contain information relating to its decision not to defend the prior action, and subsequent to such in camera inspection, reconsideration of plaintiffs' motion. Concur—Sandler, J. P., Carro, Asch, Milonas and Kassal, JJ.